UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTINA KISH,

      Plaintiff,

v.                                                                  Case No: 5:25-cv-678-WWB-PRL

THE SCHOOL BOARD OF CITRUS
COUNTY, FLORIDA,

      Defendant.

_____

**ORDER**

This cause comes before the Court on a Motion for Leave to Use the Court's Electronic Filing System (CM/ECF) (Doc. 15), and a Motion for Leave to File First Amended Complaint (Doc. 16) filed by *pro se* Plaintiff Christina Kish.

I.    **BACKGROUND**

Plaintiff initiated this action on October 27, 2025, by filing a "Complaint for Employment Discrimination" against the School Board of Citrus County, Florida, alleging claims for failure to accommodate, disability discrimination, and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1). On January 7, 2026, the Court granted Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, in which Defendant represented that its counsel conferred with Plaintiff regarding deficiencies in her complaint, and that Plaintiff agreed to address such issues in her amended complaint. (Doc. 14). The Court directed Plaintiff to file an amended complaint on or before January 27, 2026, in accordance with Federal Rule of Civil Procedure

15(a)(1), and permitted Defendant to respond to Plaintiff's amended complaint within 14 days of its filing. (*Id*.).

Plaintiff now seeks leave of Court to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (Doc. 16), and attached a copy of the amended complaint (Doc. 16-1). Plaintiff requests leave to file an amended complaint to "clarify the factual allegations supporting her claims, . . . more clearly plead[] the elements of [her] claims, and incorporate[] additional facts related to exhaustion of administrative remedies and post-charge retaliation." (*See* Doc. 16 at pp. 1-2). Plaintiff's amended complaint asserts claims under the ADA and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*., for failure to accommodate (Count I), disability discrimination (Count II), and retaliation (Count III). (*See* Doc. 16-1 at pp. 5-6).

Plaintiff also seeks permission to access and file documents electronically through CM/ECF. (Doc. 15). In support of this request, Plaintiff indicates that she has access to a computer with a reliable internet connection and has already registered as a PACER user. (*See id*. at p. 1). She further affirms that she is capable of complying with the Court's rules and procedures for CM/ECF. (*See id*. at p. 2).

## II. DISCUSSION

### A. Motion for Leave to File First Amended Complaint

Under Rule 15(a)(1), "a party may amend a pleading once as a matter of course at any time before a responsive pleading is served." *See Shaw v. Allen*, 701 F. App'x 891, 894 (11th Cir. 2017) (per curiam); *Giles v. Manser*, 757 F. App'x 891, 894 (11th Cir. 2018) (per curiam) ("Rule 15(a)(1) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed."); Fed. R. Civ. P. 15(a)(1). A *pro se* plaintiff

does "not waive h[er] right to amend as a matter of course merely because [s]he filed a motion to amend instead of amending as a matter of course." *See Toenniges v. Ga. Dep't of Corrs.*, 502 F. App'x 888, 889 (11th Cir. 2012); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (holding that the district court abused its discretion when it denied *pro se* plaintiff's motion to amend, where plaintiff filed his motion before the district court dismissed his complaint and before any responsive pleadings were filed).

In this case, Plaintiff has yet to amend as a matter of course, and no responsive pleading has been filed to date. Even though Plaintiff seeks leave to file an amended complaint under Rule 15(a)(2), a party may amend its pleading with leave under Rule 15(a)(2) without exhausting the right to amend as a matter of course under Rule 15(a)(1). *See Toenniges*, 502 F. App'x at 889-90; *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-ORL-41TBS, 2018 WL 11489597, at *3-4 (M.D. Fla. Sept. 28, 2018); *see also Toenniges*, 502 F. App'x at 890 (noting that if a plaintiff has the right to amend as a matter of course, then "the merits of h[er] amendment, at [this] stage, [are] irrelevant" and the "court lacks the discretion to reject the amended complaint based on its alleged futility") (citing *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007)); *Williams*, 477 F.3d at 1292 n.6 ("When the plaintiff has the right to file an amended complaint *as a matter of course* . . . the court lacks the discretion to reject the amended complaint based on its alleged futility.") (emphasis in original).

As such, the Court will allow Plaintiff, who is proceeding *pro se*, to exercise her one amendment as a matter of course in this instance. However, any further amendments shall require the opposing party's written consent or leave of Court in accordance with Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2); *see also Spaulding v. Poitier*, 548 F. App'x 587, 593-94

(11th Cir. 2013) (per curiam). Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 16) is due to be granted to the extent stated herein.

### B. Motion for Leave to Use the Court's Electronic Filing System (CM/ECF)

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Plaintiff has not shown good cause or offered any extenuating circumstances as to why she should be permitted to access and file documents in CM/ECF. Therefore, Plaintiff's Motion for Leave to Use the Court's Electronic Filing System (CM/ECF) (Doc. 15) is due to be denied.

However, the Court will permit the Plaintiff to receive electronic notification of filings via email. Generally, a *pro se* litigant can receive electronic notices of filing by email, monitor the docket through PACER,[1] and submit filings in person, by U.S. Mail, or through another delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.* (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's "Guide for Proceeding Without a Lawyer" provides instructions on how to register for PACER (http://www.flmd.uscourts.gov/pro_se/default.htm).

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 16) is **GRANTED** to the extent stated herein. The Clerk is **directed** to docket Plaintiff's amended complaint (Doc. 16-1) as a separate docket entry.

(2) Plaintiff's Motion for Leave to Use the Court's Electronic Filing System (CM/ECF) (Doc. 15) is **DENIED**.

   a.  Plaintiff is permitted to receive electronic notification of filings via email. The Clerk is **directed** to add Plaintiff's email address (kish0321@outlook.com) to the docket and send all future notices of electronic filing to this email address.

   b.  Plaintiff is responsible for notifying the Clerk if she changes her email address. Plaintiff is advised to frequently check her email, as some filings may be time-sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiff to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER on page 13.[2]  Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails paper

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.

- 7 -

copies. As a result, Plaintiff is cautioned that she will no longer receive court documents by U.S. mail.

**DONE** and **ORDERED** in Ocala, Florida on February 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties